THE STATE, EX REL. WILLIAM H. BROWNING, v. MICHAEL J. O'DONNELL, CITY CLERK OF JERSEY CITY.

Under section 24 of the supplement to the charter of Jersey City passed March 27th, 1874 (*Pamph. L., p. 504*), the board of finance and taxation may, by resolution, appoint an additional clerk, beyond three, in the city clerk's office.

On application for *mandamus.*

Argued at February Term, 1897, before Justices DIXON, MAGIE and LUDLOW.

For the relator, *Charles L. Corbin.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

DIXON, J.   Section 19 of the supplement to the Jersey City charter (*Pamph. L.*, 1874, *p.* 504) provides that the number of clerks and assistants in the city clerk's office shall not exceed three, and section 24 of the same supplement enacts that no additional clerk shall be appointed in the city clerk's office except by resolution of the board of finance and taxation.   At that time there were three clerks in the office under the city clerk.

The twenty-fourth section clearly implies that by resolution of the board of finance and taxation an additional clerk might be appointed, and, accordingly, on May 28th, 1884, the board so appointed Jarvis P. Wanser as such clerk.   He retained the position until his death, in August, 1896, and on August 25th, 1896, the board appointed the relator to fill the vacancy caused by Wanser's death.

We see no reason to doubt the legality of such appointment, and the defendant having refused to assign the relator to duty in his office, a peremptory *mandamus* should issue commanding him to do so.

The relator also asks for a *mandamus* requiring the defendant to draw and sign warrants for his past and future salary.

It is, at best, doubtful whether the relator is entitled to salary for the time past, during which he has not performed duty (*Stuhr* v. *Curran,* 15 *Vroom* 181), and we cannot assume that the defendant will refuse to sign proper warrants for the future time, while the relator is performing his official duties. The prayer for this direction should therefore be refused.